**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ROSSTON NICHOLAS QUICK, # 33415**                                                                 **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 2:16cv166-KS-MTP**

**SHERIFF ALEX HODGE, MAJOR
ROBERT LITTLE, CAPTAIN DAVID
HARE, SERGEANT JACKIE HAYES,
OFFICER EASTON, OFFICER MAZINGO,
OFFICER LYNCH, OFFICER INGRAM,
CASE MANAGER CROSBY, OFFICER
JAMES, NURSE CAROL, and SERGEANT
HOWARD**                                                                 **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL**</u>

This matter is before the Court *sua sponte*.  *Pro se* Plaintiff Rosston Nicholas Quick is

incarcerated with the Mississippi Department of Corrections, and he challenges his prior

conditions of confinement at the Jones County Adult Detention Center.  The Court has

considered and liberally construed the pleadings.  As set forth below, Defendants Captain David

Hare and Case Manager Crosby are dismissed, as are all claims except for the Eighth

Amendment claim for denial of orthopedic shoes.

**BACKGROUND**

Quick filed this action on October 11, 2016.  He claims he was a pretrial detainee at the

Jones County Adult Detention Center from January 14, 2016 to August 8.  During this time, he

complains that there were no sprinklers or fire extinguishers, the officers served food without

gloves and dipped tobacco, and his personal property went missing.

First, Quick challenges the lack of sprinklers and fire extinguishers at the facility.  He

states that he has an injured hip, which causes difficulty walking.  Because he has difficulty

walking, he claims he could have been injured had there been a fire while he was at the jail.  This allegedly caused him "stress" and "fear."  (Pl.'s 1st Resp. at 2); (Compl. at 6).  He contends that he brought this to the attention of Defendants Major Robert Little, Captain David Hare, Sergeant Jackie Hayes, Officers Easton, Mazingo, Lynch, Ingram, and James, Case Manager Crosby, Nurse Carol, and Sergeant Howard.

Next, Quick accuses Mazingo of serving food on "uncovered trays. . . .  He refused to wear gloves . . . and, at time[s], carried a 'spit cup' in one hand where he would spit the saliva and tobacco from his snuff," and get "spit on some trays."  (Pl.'s 1st Resp. at 2); (Am. Compl. at 3-4).

As for the missing personal property, it allegedly included orthopedic shoes, a religious medal, clothes, toiletries, and Quick's wallet and its contents.  He contends that these were taken from him on arrival, by booking officers, and placed in the property room.  The booking officers allegedly told him he could not keep his orthopedic shoes.  Quick maintains that he "pleaded several time's [sic] a week with" Ingram, James, Lynch, Howard, Hayes, Mazingo, Easton, Little, and Nurse Carol, "to return the orthopedic shoes because of the danger of falling, the severe dif[f]iculty of motion and the extreme pain while trying to walk.  Each refused."  (Pl.'s 2d Resp. at 1); (Pl.'s 1st Resp. at 3).  Then, on August 8, 2016, Quick was finally transferred from the Jones County to the Marion County Jail and was informed that his property was gone.  He alleges that he complained to all Defendants other than Sheriff Alex Hodge about the missing items, but "they refused to acknowledge the theft."  *Id.* at 1.  Quick does not accuse anyone in particular of stealing the property.  Eventually Quick was taken to an orthopedist and was prescribed another pair of orthopedic shoes.

Quick files this action pursuant to 42 U.S.C. § 1983 against the above Defendants.  All are sued in their official as well as individual capacities.  Sheriff Hodge is sued both "for his supervisory role and obvious constitutional failings."  *Id.* at 4.  Quick claims cruel and unusual treatment and a deprivation of property.  He requests damages and injunctive relief.

In his Amended Complaint [16], Quick seeks to consolidate this action with his later filed cases: *Quick v. Hodge*, 2:16cv167-KS-MTP ("*Hodge II*"); *Quick v. Hodge*, 2:16cv177-KS-MTP ("*Hodge III*"); and *Quick v. Hodge*, 2:16cv178-KS-MTP ("*Hodge IV*").  That request is denied. The Amended Complaint also adds new claims for an alleged denial of surgery and a wheelchair. Since the motion to consolidate is denied, the Court will consider the surgery and wheelchair claims in *Hodge II*.  Likewise, any additional claims brought in the Amended Complaint and the first Response [17] that are duplicative of those originally brought in the later filed lawsuits will not be considered in the instant litigation.[1]

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

---

[1]These are denial of medical treatment and handicap access (*Hodge II*), constant lights (*Hodge III*), and black mold (*Hodge IV*).

3

factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted Quick to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

Quick sues all Defendants under § 1983, claiming a deprivation of property and cruel and unusual punishment for lack of fire safety, unsanitary food trays, and denial of orthopedic shoes.

FIRE SAFETY

The first Eighth Amendment claim that Quick brings is his complaint that the jail was not equipped with sprinklers and fire extinguishers.  He posits that, because of his disability, he might not have escaped in case of a fire.  This allegedly caused him to stress and fear for his safety.  He brings this claim against all Defendants, and he seeks compensatory, nominal, and punitive damages and an injunction for the jail to "[i]mmediately provide adequate fire protection."  (Am. Compl. at 5).

To succeed on this Eighth Amendment claim for damages, Quick must allege that he was physically injured during a fire.  *Ruiz v. Estelle*, 679 F.2d 1115, 1153 (5th Cir. 1982).  He does not claim that there was a fire, only that there could have be one.  His claim for damages is therefore dismissed as frivolous and for failure to state a claim.  *Johnson v. Tex. Bd. of Crim. Justice*, 281 F. App'x 319, 322 (5th Cir. June 5, 2008).

Additionally, Quick does not have standing to pursue injunctive relief.  Standing is a

threshold jurisdictional issue. *Vt. Agency of Natural Res. v. United States*, 529 U.S. 765, 771 (2000). "[T]he requirement that jurisdiction be established as a threshold matter 'springs from the nature of limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, Coldwater & Lake Michigan R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Article III, Constitutional standing contains three elements: (1) the plaintiff must have suffered or will imminently suffer an injury in fact, (2) which is fairly traceable to the challenged conduct of the defendant, and (3) the injury must be likely redressable by a favorable decision. *Clarke v. Stalder*, 121 F.3d 222, 227 (5th Cir. 1997). Quick admits that he is not at the Jones County Jail and was not at the time he filed this case. He states that he was convicted in August and is currently incarcerated elsewhere. He has no standing to bring a claim for injunctive relief, because he has not alleged a likelihood of future harm from the alleged lack of fire safety at Jones County. *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

FOOD TRAYS

Next, Quick sues Sheriff Hodge and Mazingo for the allegedly unsanitary manner in which food was served. Mazingo purportedly served trays without gloves and got spit on "some" trays. Hodge is sued under this claim, because he is the supervisor. Quick seeks monetary damages and an injunction to "remedy unsanitary conditions on food service–guards–no gloves–chewing tobacco [sic]." (Am. Compl. at 5).

To state an Eighth Amendment claim, Quick must allege, among other things, "an extreme deprivation of any 'minimal civilized measure of life's necessities.'" *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). Quick

does not allege that he received any food with spit in it.  He does not allege any harm from the way in which the food was served to him.  This claim is therefore frivolous.  *Barrow v. Tex. Dep't of Corr.*, 271 F. App'x 449, 450 (5th Cir. Mar. 28, 2008) (holding claim of unsanitary food trays was frivolous where plaintiff "admitted . . . that he had not suffered any physical injury from the purportedly contaminated food trays and that he was not aware whether other inmates or staff suffered physical injury.").  *See also*, *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (holding that unsanitary or contaminated food may violate the Eighth Amendment "if the prisoner also alleges that he . . . suffered a distinct and palpable injury.").

As for Quick's request for injunctive relief, he lacks standing to pursue it, because he is no longer at the jail and does not allege a likelihood of imminent danger to himself.

PROPERTY DEPRIVATION

Next, Quick asserts a due process claim for deprivation of property.  He claims that his personal property was stolen by an unnamed person.  He accuses Little, Hare, Hayes, Easton, Mazingo, Lynch, Ingram, Crosby, James, Nurse Carol, and Howard of not acknowledging the alleged theft when he complained about it to them.  Quick contends that the Sheriff is vicariously responsible for this deprivation.  Quick seeks either the "return [of his property] or . . . compensation as appropriate post deprivation remedy for such loss of property."  (Am. Compl. at 5).

An intentional deprivation of property may be a constitutional violation.  *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  However:

> an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.  For intentional . . . deprivations of property by state employees, the

6

state's action is not complete until and unless it provides or refuses to provide a
suitable postdeprivation remedy.

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Mississippi provides an adequate postdeprivation

remedy for the loss of property through other means, because Quick may sue for conversion and

for taking property without just compensation under the Mississippi Constitution.  *Nickens v.*

*Melton*, 38 F.3d 183, 185 (5th Cir. 1994) (conversion); *Johnson v. King*, 85 So. 3d 307, 310-11

(¶¶7-8) (Miss. Ct. App. 2012) (Mississippi Takings Clause).  For this reason, the claim for

deprivation of property without due process is dismissed as frivolous.

      **IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

the surgery, wheelchair, and duplicative claims are **DISMISSED WITHOUT PREJUDICE**.

The claims for injunctive relief on the fire safety and food service claims are **DISMISSED**

**WITHOUT PREJUDICE**, for lack of standing.  Defendants Captain Hare and Case Manager

Crosby, the damages claims regarding fire safety and food trays, and the due process claims are

**DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which

relief could be granted.  Plaintiff is assessed a strike pursuant to 28 U.S.C. § 1915(g).  The case

shall proceed against the remainder of the Defendants on the Eighth Amendment claim regarding

denial of Plaintiff's first pair of orthopedic shoes.

      **SO ORDERED AND ADJUDGED**, this the ___31ˢᵗ___ day of January, 2017.


             ___s/Keith Starrett_____
             UNITED STATES DISTRICT JUDGE